IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-cv-80877

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BURT KRONER, on his own behalf and on behalf of his minor child, J.K.; <br><br> ALYSON D. KRONER, on her own behalf and on behalf of her minor child, J.K.; <br><br> WILLIAM KRONER, <br><br> EQUITY TRUST BAHAMAS, LTD in its capacity as the trustee of the Kroner Family Trust 2004 and Kroner Family 2007 Trust Settlement B. <br><br> Defendants. | |

## COMPLAINT

1. The United States of America ("United States"), files this Complaint against Burt Kroner ("Mr. Kroner"), Allyson Kroner ("Ms. Kroner"), J.K. who is the minor child of Mr. and Ms. Kroner, William Kroner, and Equity Trust Bahamas, Ltd. ("Trustee"), as the trustee of the Kroner Family Trust 2004 ("2004 Trust") and the Kroner Family 2007 Trust

1

Settlement B ("2007 Trust") (collectively "Bahamas Trusts") for an order requiring Mr. Kroner to repatriate assets held by the Bahamas Trusts.

## JURISDICTION & VENUE

2. This action is authorized by the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States under 26 U.S.C. § 7401.

3. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1340, 1345, 1651(a) and 3202(a) and 26 U.S.C. § 7402(a), which grants the Court jurisdiction "to make and issue in civil actions . . . orders and processes, and . . . judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." The jurisdiction conferred under § 7402(a) includes the authority to issue repatriation orders.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1396 because the Defendants reside within this district, the tax liabilities at issue arose in this district and the trustee administers trust property in this district.

## PARTIES

5. Burt Kroner is a debtor of the United States and the settlor of the Bahamas Trusts.

6. Ms. Kroner is a beneficiary of the 2007 Trust.

7. William Kroner is named as a defendant because he a beneficiary of the Bahamas Trusts.

8. J.K. is a beneficiary of the Bahamas Trusts. Upon information and belief, J.K. is a minor. Accordingly, Mr. Kroner and Ms. Kroner are named as defendants on behalf of J.K.

9. Equity Trust Bahamas, Ltd. is a Bahamian corporation. Equity Trust Bahamas, Ltd., is named as defendant in its capacity as the trustee of the Bahamas Trusts.

## BACKGROUND

### Mr. Kroner's Tax Debt

10. Around two decades ago, Mr. Kroner received a phone call from Mr. Haring, who offered Mr. Kroner an unspecified value of future cash transfers.

11. Before Mr. Kroner received any cash transfers, Mr. Kroner sought the advice of a tax attorney he shared with Mr. Haring, Mr. Robert Bernstein, a partner in the tax group at Foley & Larder, LLP.

12. Mr. Bernstein advised Mr. Kroner that the cash transfers from Mr. Haring were not subject to income tax. But as it turned out, Mr. Kroner had not provided Mr. Bernstein with all necessary information to determine that the cash transfers were not subject to federal income taxes.

13. Over the course of the 2005, 2006 and 2007 tax years ("relevant tax years"), Mr. Kroner received approximately $25 million in cash transfers from Mr. Haring.

14. The IRS examined Mr. Kroner's returns for the relevant tax years and determined that Mr. Kroner understated his income.

15. On July 10, 2014, in accordance with IRC § 6212, the IRS issued a Notice of Deficiency to Mr. Kroner proposing additional tax related to the unreported income and accuracy-related penalties for the relevant tax years. The Notice of Deficiency also provided Mr. Kroner with the opportunity to contest the proposed deficiencies in United States Tax Court.

16. On October 8, 2014, Mr. Kroner exercised his right to challenge the proposed deficiencies by filing a petition with the Tax Court.

17. Mr. Kroner's Tax Court petition extended the restriction on assessment and collection of the tax deficiencies and penalties he challenged in that proceeding. 26 U.S.C. § 6213(a).

18. On February 4-5, 2016, the Tax Court held a trial on all issues.

19. On June 1, 2020, the Tax Court upheld the IRS's determination that the cash transfers were taxable income, and it entered judgment for the Commissioner with respect to the tax deficiencies at issue. *Kroner v. Comm'r of Internal Revenue,* 119 T.C.M. (CCH) 1507 (T.C. 2020). ("*Kroner I*").

20. Specifically, the Tax Court determined that the following transfers were made into the 2004 Trust:

| DATE | AMOUNT |
|---|---|
| 2/4/2005 | $2,600,000 |
| 6/30/2005 | $475,000 |
| 8/15/2005 | $250,000 |
| 1/27/2006 | $600,000 |
| 12/20/2006 | $8,750,000 |
| **TOTAL** | $12,675,000 |

21. The Tax Court also determined that the following transfers were made into the 2007 Trust:

| DATE | AMOUNT |
|---|---|
| 7/16/2007 | $2,500,000 |
| 7/19/2007 | $2,500,000 |
| **TOTAL** | $5,000,000 |

22. Although the Tax Court found that Mr. Kroner was liable for the tax on the income he transferred to the Bahamas Trusts, it determined that Mr. Kroner was not liable for accuracy-related penalties because the IRS failed to timely obtain written supervisory approval. *Kroner I*.

23. The Commissioner appealed the Tax Court's decision, and the Eleventh Circuit reversed the Tax Court's procedural ruling on the accuracy-related penalties. *Kroner v. Comm'r of Internal Revenue*, 48 F.4th 1272, 1274 (11th Cir. 2022). The Eleventh Circuit then remanded the case to the Tax Court to address Mr. Kroner's other defenses to the penalties.

24. On April 8, 2024, the Tax Court rejected Mr. Kroner's reasonable cause defense and held that he was liable for accuracy-related penalties. *Kroner v. Comm'r of Internal Revenue*, T.C.M. (RIA) 2024-041 (T.C. 2024) ("*Kroner II*").

25. On the dates and in amounts shown below, a delegate of the Secretary of the Treasury assessed against Mr. Kroner the tax, interest, and penalties as determined by the Tax Court:

| Type | Year | Assessment Date | Amount |
|---|---|---|---|
| Additional Tax Assessed by Examination | **2005** | 11/9/2020 | $1,635,206.00 |
| Interest Assessed | | 11/9/2020 | $1,490,844.66 |
| Accuracy-Related Penalty | | 8/19/2024 | $327,041.00 |
| Additional Tax Assessed by Examination | **2006** | 11/9/2020 | $5,821,198.00 |
| Interest Assessed | | 11/9/2020 | $4,412,331.99 |
| Accuracy-Related Penalty | | 8/19/2024 | $1,164,239.60 |
| Additional Tax Assessed by Examination Penalty | **2007** | 11/9/2020 | $1,821,277.00 |
| Interest Assessed | | 11/9/2020 | $1,152,049.84 |
| Accuracy-Related Penalty | | 8/19/2024 | $364,255.00 |
| | | **TOTAL:** | **$18,188,443.09** |

26. A delegate of the Secretary of the Treasury gave notices of the above-referenced assessments and made demands for payment from Mr. Kroner.

27. Despite the notices of assessment and demand for payment, Mr. Kroner has refused or neglected to pay all the assessed income taxes, penalties and interest and statutory interest that continues to accrue since assessment. As of July 7, 2025, Mr. Kroner owes the United States the sum of $27,799,989.74 plus statutory penalties and interest that continues to accrue until paid.

### Mr. Kroner's Bankruptcy Proceeding

28. On August 1, 2023, the Mr. Kroner filed for Chapter 11 bankruptcy protection. *See In re Kroner*, Case No. 23-16097-MAM (Bankr. S.D. Fla.).

29. Mr. Kroner's Chapter 11 petition imposed an automatic stay that barred the IRS from collecting the income taxes and penalties the Tax Court determined he owed.

30. On December 30, 2024, Mr. Kroner elected to exclude the Bahamas Trusts from the bankruptcy Estate under 11 U.S.C. § 541(c)(1). The exclusion meant that the Bahamas Trusts were not property of the bankruptcy Estate and not subject to the automatic stay. 11 US.C. § 362(c)(1).

31. On June 9, 2025, the United States filed a Motion for Relief from the Automatic Stay to allow the United States to file this suit asking this Court to order Mr. Kroner to repatriate the corpus of the Bahamas Trusts.

32. On July 10, 2025, the Bankruptcy Court issued an agreed order granting the United States' motion to lift the automatic stay. *See In re Kroner*, Case No. 23-16097-MAM, Dkt. No. 312. The order states that the Bahama Trusts are excluded from the bankruptcy Estate and that the United States was entitled to file this suit against Mr. Kroner to repatriate assets held by the Bahamas Trusts.

**COUNT I: REPATRIATION OF ASSETS HELD BY THE 2004 TRUST**

33. On April 29, 2004, Mr. Kroner settled the 2004 Trust and named himself and his children, William and J.K., beneficiaries.

34. The 2004 Trust was initially settled in Nevis but Mr. Kroner transferred the assets held by the 2004 Trust to the Bahamas in 2014.

35. While the amendment to the 2004 Trust says the 2004 Trust is governed by Bahamas law, Florida law applies.

36. The 2004 Trust contains a spendthrift clause that is invalid against the United States under Florida law. The spendthrift clause is also invalid against federal tax liens as a matter of federal law.

37. The 2004 Trust is also a discretionary trust. Equity, as the trustee, exercises discretion over distributions to the 2004 Trust

beneficiaries. But Florida law allows creditors, such as the United States, to collect the full amount that can be distributed to the settlor, which is Mr. Kroner. There is no provision of the 2004 Trust that prohibits Equity from distributing the full balance of the 2004 Trust directly to Mr. Kroner.

38. Under 26 U.S.C. §§ 6321 and 6322, liens for the unpaid federal tax liabilities described in paragraph 25, above, arose on the dates of assessments in favor of the United States and continue to encumber all property and rights to property belonging to Mr. Kroner or obtained thereafter, including the assets held by the 2004 Trust.

39. The federal tax liens reach the full value of the 2004 Trust, despite the spendthrift clause and the discretionary trust provision. Mr. Kroner has a substantial tax liability, collection of which will be jeopardized unless he is ordered to repatriate the assets held by the 2004 Trust.

**COUNT II: REPATRIATION OF ASSETS HELD BY THE 2007 TRUST**

40. On June 4, 2007, the 2007 Trust was settled by Mr. Haring with Mr. Kroner as a beneficiary. The 2007 Trust also includes Mr. Kroner's children, William and J.K., as beneficiaries.

41. While Mr. Haring is listed as the initial settlor of the 2007 Trusts, Mr. Kroner is now considered the settlor and lists himself as such on his filings with the IRS.

42. Each year, Equity is required to report the settlor of offshore trusts to the IRS. Before the Tax Court decision in 2020, Equity did not report Mr. Kroner as the settlor of the 2007 Trust.

43. But after the Tax Court held that the $5 million Mr. Haring transferred to the 2007 Trust was in fact Mr. Kroner's income, Equity began reporting Mr. Kroner as the settlor of the 2007 Trust. Mr. Kroner now files annual returns for the 2007 Trust as the settlor.

44. The 2007 Trust was settled in the Bahamas and the 2007 Trust documents say that the 2007 Trust is governed by Bahamas law. But Florida law applies to the 2007 Trust.

45. The 2007 Trust contains a spendthrift clause that is invalid against the United States under Florida law. The spendthrift clause is also invalid against federal tax liens as a matter of federal law.

46. The 2007 Trust is also a discretionary trust. Equity, as the trustee, exercises discretion over distributions to the 2007 Trust beneficiaries. But Florida law allows creditors, such as the United States , to collect the full amount that can be distributed to the settlor, which is Mr. Kroner. There is no provision of the 2007 Trust that prohibits Equity from distributing the full balance of the 2007 Trust directly to Mr. Kroner. In fact, Mr. Kroner is the only beneficiary whose right to distributions are not subject to a monthly cap.

47. Under 26 U.S.C. §§ 6321 and 6322, liens for the unpaid federal tax liabilities described in paragraph 25 above arose on the dates of assessments in favor of the United States and continue to encumber all property and rights to property belonging to Mr. Kroner or obtained thereafter, including the assets held by the 2007 Trust.

48. The federal tax liens reach the full value of the 2007 Trust, despite the spendthrift clause and the discretionary trust provision.

49. Mr. Kroner has a substantial tax liability, collection of which will be jeopardized unless he is ordered to repatriate the assets held by the 2007 Trust.

## **REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests that the Court:

a. Declare that the federal tax liens attach to assets held by the 2004 Trust;

b. Order Mr. Kroner to repatriate assets held by the 2004 Trust;

c. Declare that the federal tax liens attach to the assets held by the 2007 Trust;

d. Order Mr. Kroner to repatriate assets held by the 2007 Trust;

e. Grant such other relief as is just and property, including costs of this action.

Dated: July 10, 2025                Respectfully submitted,

                                By:    <u>/s/</u> ***<u>Nicholas S. Willingham</u>***
                                       NICHOLAS S. WILLINGHAM
                                       Special Bar No. A5503138
                                       U.S. Department of Justice
                                       Trial Attorney, Tax Division
                                       P.O. Box 14198
                                       Washington, D.C. 20044
                                       Telephone: (202) 307–6445
                                       Facsimile: (202) 514–4963
                                       Nicholas.Willingham@usdoj.gov