# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 9:25-cv-80877-DMM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BURT KRONER, on his own behalf and on behalf of his minor child, J.K., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**EQUITY TRUST BAHAMAS, LTD.'S STATEMENT OF MATERIAL FACTS IN RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Rule 56.1(b)(2), Defendant Equity Trust Bahamas, Ltd., as the trustee of the Kroner Family Trust 2004 and the Kroner Family 2007 Trust Settlement B ("Equity"), files this Statement of Material Facts in Response to Plaintiff United States of America's (the "Government") Statement of Material Facts in support of its Motion for Summary Judgment (Dkt. No. 77).

## Kroner Family Trust 2004

1. Undisputed.

2. Undisputed.

3. Undisputed, with the caveat that Equity believes J.K. may no longer be a minor.

4. Undisputed.

5. Undisputed, with the caveat that there is no page 42 to the April 29, 2004 Deed of Settlement (the "2004 Trust Deed") cited in this paragraph, and that page 5 of the 2004 Trust Deed establishes that the trust is discretionary.

6. Undisputed, with the caveat that there is no page 42 to the 2004 Trust Deed cited in this paragraph, and that page 5 of the 2004 Trust Deed provides: "During the Trust Period, the income of the Trust Estate may be paid to or applied for the benefit of any Beneficiary hereof as the Trustees deem desirable in their absolute and unrestricted discretion. Such income may also be accumulated in whole or in part, and to the extent so accumulated it shall be added to principal and the Trustees shall from time to time pay to, appropriate, or apply for the benefit of one or more of the Beneficiaries such sums out of the Trust Estate and they shall deem desirable in their absolute and unrestricted discretion."

7. Disputed. Although the parties stated in their pleadings that the law of the 2004 Trust was changed to the Bahamas in 2014—*see* Dkt. Nos. 1, 18, and 28 ¶ 34—the change actually

occurred in 2013. *See* Dkt. No. 81-3, July 25, 2013 Deed Regarding Change of Proper Law ("July 25, 2013 Deed") ¶ 1.

8. Disputed. The Government cites page 27, line 25 of a May 5, 2023 deposition of Burt Kroner—which is Dkt. No. 64-9—for the proposition that "[o]n April 28 2006, Mr. Kroner purchased his home for $3.3 million." However, the specific portion of the transcript cited by the Government mentions neither the date the home was purchased nor the price for which it was purchased. Rather, in the sentence cited by the Government, Mr. Kroner testified: "And so I went out and I bought the home that I currently have, and spent some of the money on decorating the home, and, you know, lifestyle." Dkt. No. 64-9 at 27:24-28:1. In the absence of any record evidence to confirm or deny the averment in this paragraph, it is disputed.

9. Disputed. The Government cites page 3 of Dkt. No. 64-27—which is a bank statement—for the proposition that "[o]n December 30, 2014, Mr. Kroner received $14 million for the partial sale of a business." However, while the bank statement shows that Sureline Investments (Florida) LLC received $14,732,493.83 on December 30, 2014, it does not specify the purpose of the transfer. In the absence of any record evidence to confirm or deny the averment in this paragraph, it is disputed.

10. Undisputed.

### **Kroner Family 2007 Trust Settlement B**

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed, with the caveat that the Government does not cite to any record

evidence in support of this proposition, and so Equity assumes it is referring to the fact that the Trustee may make distributions to beneficiaries in its sole discretion. *See, e.g.*, Dkt. No. 64-27, Kroner Family 2007 Trust Settlement B (the "2007 Trust Deed"), Appendix at 27, Part II ¶ 35 ("The Trustees shall exercise the discretions (each of which shall subject to any provision to the contrary contained herein be absolute) and powers vested in them as they shall think fit for the benefit of all or any of the Beneficiaries and may exercise (or refrain from exercising) any discretion or power for the benefit of any of them without being obliged to consider the interests of the others.").

16. Disputed. The Government cites to paragraph 21 of its Complaint and the Kroner Defendants' Answer to the Complaint to support the proposition that "[o]n July 16, 2007, Mr. Haring transferred $2,500,000 to the 2007 Trust." But paragraph 21 of the Complaint and Answer does not identify who made the transfer at issue. In the absence of any record evidence to confirm or deny the averment in this paragraph, it is disputed.

17. Disputed. The Government cites to paragraph 21 of its Complaint and the Kroner Defendants' Answer to the Complaint to support the proposition that "[o]n July 19, 2007, Mr. Haring transferred an additional $2,500,000 to the 2007 Trust." But paragraph 21 of the Complaint and Answer does not identify who made the transfer at issue. In the absence of any record evidence to confirm or deny the averment in this paragraph, it is disputed.

18. Undisputed.

19. Disputed. The October 12, 2023 return, which is a Form 3520 attached to the Government's Statement as Exhibit 1, includes a "Disclosure Statement" which states that "[t]his Form 3520 for the Kroner Family 2007 Trust Settlement B . . . is a protective filing." The Disclosure Statement then states, among other things, that Trustees filed a Form 3520-A reporting

3

Burt Kroner as the grantor of the Trust pursuant to a Tax Court decision, and that "[w]hile the Trust documents and formation still provide support for treating the Trust as a foreign non-grantor trust, Kroner is reporting the Trust on Form 3520 to be consistent with the filing of the Trustees." In light of these disclaimers, Equity cannot confirm Burt Kroner filed annual returns as the settlor of the 2007 Trust.

## Mr. Kroner's Tax Liability

20. Disputed. The Government relies upon Exhibit 2 to its Statement—which appears to be an October 31, 2012 notice from the IRS—for the proposition that "the IRS proposed assessing Mr. Kroner with $13 million in additional income taxes, accuracy-related penalties and interest." Upon review of the document, Equity is unable to confirm the $13 million figure referenced by the Government.

21. Undisputed.

22. Undisputed.

23. Undisputed.

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Undisputed.

29. Undisputed.

30. Disputed. The Government cites to three exhibits filed by the Kroner Defendants in connection with the preliminary injunction hearing in this matter (Dkt. No. 66) for the proposition that, "[a]s of July 7, 2025, Mr. Kroner owes the United States the sum of

$27,799,989.74 plus statutory penalties and interest that continues to accrue until paid." Upon review of the three exhibits—which appear to be filings from Burt Kroner's bankruptcy action—Equity is unable to confirm whether Burt Kroner owed the United States $27,799,989.74 as of July 7, 2025. To the extent the Government intended to cite to Dkt. No 64—which contains the Government's own exhibits filed in connection with the preliminary injunction hearing—Equity notes that exhibits 3-5 to Dkt. No. 64 appear to be transcripts of Form 1040, U.S. Individual Tax Returns for Burt Kroner for 2005, 2006, and 2007. Upon review of these three exhibits, Equity is unable to confirm whether Burt Kroner owed the United States $27,799,989.74 as of July 7, 2025.

### Mr. Kroner's Chapter 11 Bankruptcy Case

31. Undisputed.

32. Disputed. The Government avers in this paragraph that the IRS filed an unsecured claim against Burt Kroner's bankruptcy estate on December 28, 2023. Upon review of the bankruptcy court docket (*In re Kroner*, Case No. 23-16097-M), there does not appear to be a claim filed by the IRS on December 28, 2023, and so Equity is unable to confirm the accuracy of the averment in this paragraph.

33. Undisputed.

34. Disputed in part; undisputed in part. In support of the averments in this paragraph, the Government cites to Exhibit 28 of Dkt. No. 66. Dkt. No 66 does not have an Exhibit 28, and so Equity disputes that the cited source establishes the accuracy of the averment in this paragraph. That said, to the extent the Government intended to rely on Exhibit 28 to Dkt. No. 64, Equity does not dispute that Amended Schedule C in this document identifies Burt Kroner's residence as property claimed as exempt.

35. Disputed in part; undisputed in part. In support of the averments in this paragraph,

the Government cites to Exhibit 28 of Dkt. No. 66. Dkt. No 66 does not have an Exhibit 28, and so Equity disputes that the cited source establishes the accuracy of the averment in this paragraph. That said, to the extent the Government intended to rely on Exhibit 28 to Dkt. No. 64, Equity does not dispute that this document states that the 2004 and 2007 Trusts are not property of Burt Kroner's bankruptcy Estate.

36. Undisputed.

37. Disputed. In support of the averments in this paragraph, the Government cites to Exhibit 8 of Dkt. No. 66. Exhibit 8 to Dkt. No 66 is a bank statement, not a Court Order, and so Equity disputes that the cited source establishes the accuracy of the averment in this paragraph. That said, to the extent the Government intended to rely on Exhibit 8 to Dkt. No. 64, Equity does not dispute that that document is a July 10, 2025 Agreed Order stating that the Bahamas Trusts were excluded from the bankruptcy Estate. Equity <u>does</u> dispute that Exhibit 8 to Dkt. No. 64 states that the Government "was entitled to immediately sue Mr. Kroner to repatriate assets held by the Bahamas Trusts." Exhibit 8 to Dkt. No. 64 does not mention repatriation at all, let alone state that the Government was entitled to sue Burt Kroner to repatriate the Trust assets.

**The United States' Suit to Repatriate the Bahamas Trusts**

38. Undisputed.

39. Undisputed.

40. Undisputed.

41. Undisputed.

42. Disputed in part; undisputed in part. Equity disputes that "[t]he preliminary injunction limits the Kroner Defendants to request $42,000 per month in distributions from the Bahamian trustee." Paragraph 5 of the Court's February 9, 2026 Order (Dkt. No. 74) provides that

6

"[t]he Kroner Defendants may request a maximum distribution of $42,000 per month for household expenses, until such time as the Court enters a final, non-appealable decision on the merits in this case." The Order separately provides in paragraphs 6 and 7 that there are other distribution requests—unrelated to household expenses—that the Kroner Defendants may be entitled to make. Equity does not dispute that the Court's Order limits the Kroner Defendants' ability to make changes to the Bahamas Trusts.

## DEFENDANTS' STATEMENT OF ADDITIONAL FACTS
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

43. Based in Nassau, Bahamas, Equity is part of Equity Group International Limited ("Equity Group"), a bank and trust company with over 30 years of experience as a financial services provider and approximately $2 billion in assets under custody and administration. *See* Dkt. No. 81-7, Declaration of Vanessa Coleby ¶¶ 2-3.

44. The principal activities of the companies within Equity Group include trust business, private banking, and fund administration. Dkt. No. 81-7, Declaration of Vanessa Coleby ¶ 4.

45. Equity is licensed by the Central Bank of The Bahamas. Dkt. No. 81-7, Declaration of Vanessa Coleby ¶ 6.

46. Equity serves as the trustee ("Trustee") for both trusts which are subject to this litigation: the Kroner Family Trust 2004 ("2004 Trust") and the Kroner Family 2007 Trust Settlement B ("2007 Trust") (collectively, the "Trusts"). *See* Dkt. No. 81-1, April 29, 2004 Deed of Settlement (the "2004 Trust Deed"); Dkt. No. 81-2, July 18, 2013 Deed of Removal and Appointment of Trustee ("July 18, 2013 Deed"); Dkt. No. 81-3, July 25, 2013 Deed Regarding Change of Proper Law (the "July 25, 2013 Deed"); Dkt. No. 81-4, June 4, 2007 Settlement for the 2007 Trust ("2007 Trust Deed"); Dkt. No. 81-5, April 17, 2014 Notice of Removal/Replacement of Trustee; Dkt. No. 81-7, Declaration of Vanessa Coleby ¶ 8 (establishing that Equity took over as Trustee for Equity Bank Bahamas Limited on September 20, 2022).

47. The 2004 and 2007 Trusts are irrevocable. Dkt. No. 81-1, 2004 Trust Deed at 4. Article III.A; Dkt. No. 81-4, 2007 Trust Deed at 7, Part I, § 2(f)(i).

48. The 2004 Trust was originally settled by Mr. Kroner in Nevis, but the assets were transferred to the Bahamas in 2014. Dkt. Nos. 1 and 27, Compl. and Equity Answer ¶ 34.

49. Andrew Law, the Trusts' Protector, is located in the Bahamas. *See* **Exhibit 1**, Resignation and Appointment of Protector of 2004 Trust, dated July 5, 2018; **Exhibit 2**, Resignation and Appointment of Protector of 2007 Trust, dated July 5, 2018.

Dated: March 13, 2026

Respectfully submitted,

**BLANK ROME LLP**

By: /s/*Michael R. Esposito*
Michael Esposito
Florida Bar No. 37457
Blank Rome LLP
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Phone: (813) 255-2300
Facsimile: (813) 830-7444
Email:  Michael.Esposito@BlankRome.com

Jason A. Snyderman (*pro hac vice*)
John P. Wixted (*pro hac vice*)
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103
Email: Jason.Snyderman@BlankRome.com
Email: John.Wixted@BlankRome.com
*Counsel for Defendant Equity Trust Bahamas, LTD in its capacity as the trustee of the Kroner Family Trust 2004 and Kroner Family 2007 Trust Settlement B*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 13, 2026, with the Clerk of the Court by using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

                                                  */s/Michael R. Esposito*
                                                  Michael Esposito
                                                  Florida Bar No. 37457